[No. 3498. Oct. 4, 1930.]

SAN JUAN COAL & COKE CO. v. SANTA FE, S. J. & N. RY. CO. et al.

[291 Pac. 920.]

Roberts, Brice & Sanchez, of Santa Fe, for complainants.

Mechem & Vellacott, of Albuquerque, for defendants Santa Fe, S. J. & N. Ry. Co. and Santa Fe Northwestern Ry.

R. S. Outlaw, E. A. Boyd, and G. E. Duffy, all of Chicago, Ill., E. C. Iden, of Albuquerque, and H. C. Barron, of Chicago, Ill. (E. E. McInnis, of Chicago, Ill., of counsel), for defendant Atchison, T. & S. F. Ry. Co.

OPINION OF THE COURT

SIMMS, J.

After a rehearing, we have concluded that the original opinion should be withdrawn, and it is so ordered.

This case comes here by removal from the corporation commission under article 11, § 7, of the Constitution. It involves rates on coal in car loads from La Ventana, in Sandoval county, to Bernalillo, Albuquerque, and other points within this state.

The Santa Fe, San Juan & Northern Railway is a small road which runs from the mines at La Ventana to the station of San Ysidro, a distance of twenty-nine miles, where it connects with the Santa Fe Northwestern Railway, which runs to Bernalillo, a distance of twenty-four miles, and connects with the main line of the Atchison, Topeka & Santa Fe Railway, hereinafter called the "Santa Fe."

There is testimony in the record which shows that the actual cost of hauling a ton of coal from the mines at

La Ventana to Bernalillo is $1.15 on lump and nut coal, and 90 cents on slack and pea coal. The rate prescribed by the commission from La Ventana to Bernalillo is $1 per ton on lump, 80 cents on nut, and 60 cents on slack. So far as the Santa Fe, San Juan & Northern is concerned, it is just beginning business, and coal from the mines is, and will be for some time, practically its entire tonnage. The Northwestern stands a chance to receive revenue from hauling logs over its line when the mill at Bernalillo is running. Its balance sheet, which was introduced in evidence, shows a loss for several years past. Neither of these small roads is shown to be in financial position to haul coal at a loss and survive. The case is different from that of a road which has other substantial revenue-producing tonnage which might justify a non-compensatory rate on one article only, where other factors make up the difference.

Just what basis the commission used in arriving at the rates to other destinations than Bernalillo, we are not informed. It made no order with reference to division of rates between the small roads and the Santa Fe on shipments consigned to more distant destinations in the schedule. Unless we are to assume, without evidence to support it, that on the longer hauls the Santa Fe would give the small roads a greater division for the haul from La Ventana to Bernalillo than the rate fixed for that distance only, we cannot conclude that the rates prescribed by the commission are reasonable, on the testimony now before us.

█ It appears that in the hearing before the commission all parties, and perhaps the commission itself, were of opinion that the commission had no power to fix divisions of the joint through rates which involved both the small roads and the Santa Fe; nevertheless, a great part of the hearing was taken up in controversy over what the small roads claimed was an unfair and excessive division required by the Santa Fe. On rehearing, however, counsel for the complainant has called to our attention the case of Backus-Brooks Co. v. Northern Pacific Ry. Co. (C. C. A.) 21 F. (2d) 4, 20, which holds that the railroad and warehouse commission of Minnesota had the power to fix

divisions of joint intrastate rates under a statute which is not more comprehensive in its grant of powers than our Constitution, section 7, art. 11. In that case the court said:

"However, without the power to fix divisions the power to establish joint rates would be incomplete and ineffectual. The carriers by refusing to agree as to divisions could greatly delay if not defeat the effect of an order fixing a joint rate. The fixing of each carrier's share is really a part of the establishing of a joint rate. Until the division is fixed the rate for practical purposes is incomplete."

This case reached the Supreme Court of the United States, which denied a petition for certiorari. 275 U. S. 562, 48 S. Ct. 120, 72 L. Ed. 427. See also, Minneapolis & St. Louis R. R. Co. v. Minnesota, 186 U. S. 257, 22 S. Ct. 900, 46 L. Ed. 1151.

We have not been cited to any authority to the contrary by any of the carriers on the rehearing.

It is evident that the present controversy cannot be fairly and justly determined without giving to the question of division its proper consideration, which the commission did not do. It may be that further testimony on both sides will demonstrate what a fair and reasonable rate for the service rendered would be, and what portion of the resulting revenue should properly go to each of the carriers involved. If the claims of the small roads as to cost of service can be more clearly established, qualified, or refuted, the commission will be in better position to decide the matter equitably to all concerned.

We conclude that we should decline to enforce the present schedule of rates upon the record before us, but that the cause should be remanded to the corporation commission with directions to fix a reasonable schedule and to direct proper divisions thereof among the carriers involved, after reasonable notice to the parties involved and with such additional evidence as the commission may require.

It is so ordered.

BICKLEY, C. J., PARKER, J., and CATRON, J., concur.

WATSON, J. (dissenting).

In my opinion the reasonableness of the order of the commission now before us is as satisfactorily established as is ordinarily to be expected, and as satisfactorily as in most, if not all, earlier rate cases in which we have enforced the commission's order. So, I would enforce the present order, leaving it to the carriers to institute proceedings for a reasonable division as between them, or to increase the rates if they have evidence to show these rates unreasonable. To this extent I dissent.

However, if I were to accept the view of the majority as to the reasonableness of the commission's order, I should concur in their disposition of this case.